# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEFINA BARRAGAN-GARCIA,<br><br>Defendant. | Case No.: 3:16-CR-2643-CAB<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 49] |

This matter is before the Court on Defendant's motion to dismiss the second superseding indictment in its entirety, or in the alternative to dismiss count two. The government filed an opposition, and the Court held a hearing on September 21, 2017. For the reasons set forth below, the motion is granted in part and denied in part.

**I.  Background**

**A.  The Complaint and Original Indictment**

The complaint against Defendant Josefina Barragan-Garcia was filed on November 4, 2016. [Doc. No. 1.] It alleged:

> On or about November 4, 2016, within the Southern District of California, defendant Josefina BARRAGAN-Garcia did knowingly and intentionally import approximately 9.16 kilograms (20.20 pounds) of Methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

[*Id.*] On November 16, 2016, the original indictment was filed charging Barragan-Garcia as follows:

> On or about November 4, 2016, within the Southern District of California, defendant Josefina BARRAGAN-Garcia did knowingly and intentionally import a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

[Doc. No. 12.]

### B. Post-Indictment Hearings

On January 6, 2017, the Court held a motion hearing and trial setting in this matter. At that hearing, defense counsel advised the Court of his need for more time to file a motion to suppress Defendant's post-arrest statement and asked the Court to set another motion hearing. [Doc. No. 38 at 2-3.] The Court ultimately continued the motion hearing and trial setting to January 20, 2017, and excluded time from the speedy trial clock to give defense counsel adequate time to continue his investigation. [*Id.* at 4-5].

On January 20, 2017, the Court held the continued motion hearing and trial setting. At that hearing, defense counsel advised that he was having Defendant's post-arrest statement transcribed and translated from Spanish into English, which was necessary for his anticipated motion to suppress. He estimated that the transcription would be complete by February 20, 2017. [Doc. No. 39 at 2-3.] Defense counsel asked the Court to exclude time from the speedy trial clock until after he received the transcription. [*Id.* at 3-4.] The Court granted defense counsel's request and continued the motion hearing and trial setting to February 24, 2017, and continued "with the exclusion of time in the exclusion of time in the interest of justice so that discovery and the appropriateness of the suppression motion can be determined." [*Id.* at 4.]

The continued motion hearing and trial setting took place on February 24, 2017. At the hearing, defense counsel advised the Court that he had recently received Defendant's translated and transcribed statement and asked for two additional weeks to file suppression motions. [Doc. No. 49-5 at 4.] The Court granted defense counsel's request and set the

motion hearing for March 23, 2017, and ordered defense counsel to file any motions to be heard on that date by March 9, 2017. [*Id.* at 5.] The Court stated, and defense counsel agreed, that it would continue to exclude time from the speedy trial clock to give counsel time to prepare the motions. [*Id.* at 6.] At defense counsel's request, the Court subsequently continued the March 23, 2017 hearing to April 20, 2017, and gave Defendant until April 6, 2017, to file any suppression motions. [Doc. No. 23.] The Court also instructed defense counsel to file any additional discovery motions and stated that time continued to be excluded in the interest of justice. [*Id.*]

On March 17, 2017, Defendant filed a motion to (1) compel discovery, (2) preserve evidence, and (3) obtain leave to file further motions. [Doc. No. 24.] On April 8, 2017, Defendant filed a motion (1) to suppress Defendant's post-arrest statement, (2) to suppress cell phone evidence, (3) for discovery as previously requested in the March 17, 2017 motion, (4) for the return of Defendant's cell phones that were seized at the time of her arrest, and (5) for leave to file further motions. [Doc. No. 25.] The Court subsequently granted Defendant's motion to shorten time [Doc. No. 26], ordering that the latter motion be filed nunc pro tunc to April 6, 2017. [Doc. No. 27.]

A hearing on Defendant's motions took place on April 20, 2017. At the hearing, the Court denied the motion to suppress Defendant's post-arrest statement [Doc. No. 40 at 8] and denied the motion to suppress evidence from Defendant's cell phone [*Id.* at 8-9]. After denying the motion to suppress evidence from Defendant's cell phone, the Court stated that "[t]hose are the two issues on the table for today," and asked if Defendant wanted to get a trial date reserved. [*Id.* at 9.] Defense counsel then asked about the motion for return of the cell phones. The prosecution then advised that they were prepared to return the phone, so the Court stated that "I don't think I need to order it since the government has indicated they'll be returning the phone. But please make sure that happens no later than Monday." [*Id.* at 10.]

The Court then told defense counsel, "if you wanted a trial date in June, I would be double booking you with another case. Otherwise, I am not available for trial until July

10th." [*Id.*] After the prosecution advised that he was unavailable from July 8 through July 18, the Court suggested a trial date of July 24, 2017, and both sides agreed to that date. [*Id.* at 10-11.] Finally, the Court set a status conference for June 9, 2017, and told the parties that "if there are any outstanding discovery issues except things that will be raised as motions in limine, be ready to address them on the 9th. So papers need to be filed, and oppositions, no later than the 2nd." [*Id.* at 12.] The minute entry for the April 20, 2017 hearing states that the motion to suppress statements and the motion to suppress evidence were denied, and that the motions for return of property and to file further motions were granted. [Doc. No. 31.] The record is silent as to Defendant's motion to compel discovery. However, neither party identifies any pending dispute as to that motion.

### C. The Superseding Indictments

On May 25, 2017, a superseding indictment was filed, charging Defendant with one count as follows:

> On or about November 4, 2016, within the Southern District of California, defendant JOSEFINA BARRAGAN-GARCIA did knowingly and intentionally import 500 grams and more, to wit: approximately 9.16 kilograms (20.15 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

[Doc. No. 32.] The arraignment on this superseding indictment and a status hearing took place on June 9, 2017, and the Court set deadlines for the filing of motions in limine and reset the trial date to July 31, 2017. [Doc. No. 36.]

On July 13, 2017, Defendant filed a second motion to suppress cell phone evidence. [Doc. No. 43.] The following day, a second superseding indictment ("SSI") was filed, charging Defendant with two counts as follows:

#### Count 1

> On or about November 4, 2016, within the Southern District of California, defendant JOSEFINA BARRAGAN-GARCIA did knowingly and intentionally import a mixture and substance containing a detectable amount

of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

Count 2

On or about November 4, 2016, within the Southern District of California, defendant JOSEFINA BARRAGAN-GARCIA did knowingly and intentionally possess, with intent to distribute, 500 grams and more of a mixture and substance containing a detectable amount, to wit: approximately 9.16 kilograms (20.15 pounds) of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

[Doc. No. 45.] The arraignment on the SSI and a status hearing was held on July 21, 2017. At that hearing, the Court vacated the trial date and set a motion hearing date for August 17, 2017, requiring Defendant to file her motion no later than July 27, 2017. [Doc. No. 47.] Defendant then filed the instant motion to dismiss. At the request of defense counsel, the Court continued the hearing from August 17, 2017, to September 21, 2017.

**II. Discussion**

Defendant argues that Count 2 of the SSI should be dismissed because: (1) the SSI violated the Speedy Trial Act ("STA") because it was not filed within 30 days of arrest; (2) allowing the SSI would violate Defendant's Fifth Amendment due process rights; (3) allowing the SSI would violate Defendant's Sixth Amendment right to a speedy trial; and (4) the SSI violates Federal Rule of Criminal Procedure 48(b). In addition, Defendant argues that the indictment should be dismissed in its entirety because more than 70 non-excludable days have expired on the STA speedy trial clock. Each argument is addressed below.

**A. Speedy Trial Act**

**1. Thirty Day Speedy Trial Clock**

Defendant argues that Count 2 of the SSI should be dismissed because it was added more than 30 days after the complaint was filed. Pursuant to 18 U.S.C. § 3161(b):

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such

individual was arrested or served with a summons in connection with such charges.

"The triggering of the sanction [for violation of this requirement] is unambiguous: if the indictment is not filed within 30 days of arrest, the charge contained in the complaint shall be dismissed." *United States v. Pollock*, 726 F.2d 1456, 1462 (9th Cir. 1984) (citing 18 U.S.C. § 3162(a)(1)). However, violation of this requirement does not require dismissal of any other charges in an indictment that were not originally included in the complaint. *Id.* ("[W]hen the government fails to indict a defendant within 30 days of arrest, section 3162(a)(1) requires dismissal of *only the offense or offenses charged in the original complaint*.") (*emphasis* added). To that end, "the STA precludes courts from engaging 'in the complex task of investigating the relationship between the conduct underlying the offenses charged in the complaint and the conduct underlying the offenses listed in the indictment.'" *United States v. Palomba*, 31 F.3d 1456, 1463–64 (9th Cir. 1994) (quoting *Pollock*, 726 F.3d at 1463). Thus, "[u]nder Sections 3161(a) and 3162(b), the Government may prosecute a defendant accused in a complaint and untimely charged in a subsequent indictment when the respective offenses are punishable under different statutes, despite the fact that they arose from the same criminal transaction." *Id.* at 1464. Put simply, "[a] charge contained in a superseding indictment which was not included in the original complaint does not violate the Speedy Trial Act." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1173 (9th Cir. 2002).

Here, Defendant argues that because the complaint alleges the quantity of methamphetamine, the government was required to indict Defendant with any charges specifying the specific quantity within 30 days. Thus, according to Defendant, because the original indictment did not specify the quantity of methamphetamine, and because the SSI, which did specify the quantity of methamphetamine, was not filed until more than eight months after the complaint, the SSI violates Section 3161(b).

Defendant's proposed interpretation of the STA cannot be reconciled with *Pollock* and *Palomba*. Count 1 of the SSI, for importation of methamphetamine, is identical to the

original indictment, which was filed within thirty days of the complaint. Accordingly, there is no violation of the 30 day requirement with respect to that count. Count 2, meanwhile, is for a separate offense (possession with intent to distribute), punishable under a different statute. The STA does not preclude the Government from prosecuting Defendant for this separate offense despite the fact that it arose from the same criminal transaction alleged in a complaint filed more than thirty days prior. *Palomba*, 31 F.3d at 1464; c*f. United States v. Velasquez,* 890 F.2d 717, 719 (5th Cir. 1989) (holding that conspiracy with intent to distribute is a separate offense from possession with intent to distribute and therefore because conspiracy claim was not raised in the complaint, the government was not precluded by the STA from including it in an indictment filed more than 30 days later).[1] Accordingly, Defendant's motion to dismiss based on violation of the STA's 30 day requirement is denied.

## 2. Seventy Day Speedy Trial Clock

Pursuant to 18 U.S.C. § 3161(c)(1):

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

---

[1] Notwithstanding the Government's apparent concession of an STA violation in a similar case, Defendant's argument that the first superseding indictment violated the STA is also questionable. Specifically, Defendant argues that the STA would have required dismissal of the first superseding indictment which included the same charge as the original indictment and reasserted the quantity of methamphetamine, which had also been specified in the complaint. "It does not follow, however, that because the [quantity of methamphetamine] allegation was introduced in the complaint, omitted from the original indictment, and reasserted in the superseding indictment, that the Government violated the Speedy Trial Act. [Defendant] has only demonstrated that the original indictment omitted a *factual allegation supporting the charge* in the complaint. [She] has not demonstrated that the charge itself was omitted from the original indictment, as required to show a Speedy Trial Act violation under these circumstances." *United States v. Carrasco*, 257 F.3d 1045, 1052 (9th Cir. 2001).

7

Defendant's motion is somewhat unclear as to whether she contends that the 70 day speedy trial clock has lapsed as to both counts in the SSI or just Count 1. As for Count 2, "charges in a superseding indictment not required to be joined with the original charges come with a new seventy-day clock under the Speedy Trial Act." *United States v. Thomas*, 726 F.3d 1086, 1091 (9th Cir. 2013). Defendant does not argue, and the Court is unaware of any support for such an argument, that Count 2 for possession with intent to distribute was required to be joined with Defendant's importation charge. *Cf. id.* (noting that other courts have held that "required to be joined" is akin to "joinder required by the Double Jeopardy Clause of the Constitution" and affirming district court's holding that double jeopardy clause does not require prosecution of conspiracy offense in same trial as for possession with intent to distribute); *United States v. Igbinosun*, 528 F.3d 387, 393 (5th Cir. 2008) (holding that conviction for importation of controlled substance not estopped by acquittal for possession with intent to distribute controlled substance at same trial because intent to distribute requires a different mens rea than that needed for importation). Accordingly, because Count 2 was first added in the SSI, the 70 day speedy trial clock did not begin to run until Defendant was arraigned on that charge. § 3161(c)(1). There is no question that 70 non-excludable days have not passed since that date. Accordingly, to the extent Defendant seeks dismissal of Count 2 on this ground, the motion is denied.

As for Count 1, there is no dispute that the clock began to run on November 16, 2017, when the original indictment was filed. Although more than 70 days elapsed between that date and the instant motion, "[i]n calculating the time elapsed, certain types of delay do not count against the seventy-day time limit." *United States v. Sutter*, 340 F.3d 1022, 1027 (9th Cir. 2003), *opinion amended on denial of reh'g*, 348 F.3d 789 (9th Cir. 2003) (citing 18 U.S.C. § 3161(h)). Here, the only types of excludable delay in dispute are:

- "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" 18 U.S.C. § 3161(h)(1)(D); and,

- "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" 18 U.S.C. § 3161(h)(1)(H).

"Exclusion of pre-trial motion delay is automatic. The district court need not make any findings explaining the need for the delay, nor does the delay need to be 'reasonably necessary' to be excluded." *Sutter*, 340 F.3d at 1027.

Defendant argues that the indictment must be dismissed because either 87 or 118 non-excludable days passed between November 16, 2017, when the Government filed the original indictment, and June 29, 2017, when motions in limine were filed. The first 49 days of this non-excludable time, which the Government does not dispute, passed between the filing of the original indictment and the first motion hearing on January 6, 2017. The dispute concerns whether time between the April 20, 2017 motion hearing and Defendant's filing of motions in limine was excludable.

Defendant argues that no motions remained pending after the April 20, 2017, hearing, or at most, that all pending motions were taken under advisement, meaning only an additional 30 days of excludable time passed after the hearing. The Government argues that the Court did not resolve all pending motions at the April 20, 2017 hearing, and that because the Court expressly set a status conference for June 9, 2017, the pending motion was not under advisement. Therefore, according to the Government, the time between April 20, 2017 and June 9, 2017 was excludable, meaning that only 67 non-excludable days have elapsed on Count 1 in the SSI.

Defendant's position is consistent with the record. The transcript of the April 20, 2017, hearing reflects that following the hearing, no discovery disputes were pending. Indeed, even the Government, despite its argument that the Court did not resolve all pending motions at the April 20, 2017 hearing, does not actually identify in its brief what motion remained pending. Further, the Government's argument that the Court set a status conference for June 9, 2017, "to address any discovery issues that need to be addressed and

9

to set motions in limine" [Doc. No. 50 at 5], effectively acknowledges that no discovery disputes existed at that time.

At most the only motion conceivably pending following the April 20, 2017, was Defendant's motion for discovery. The hearing transcript, however, indicates that the Court instructed the parties to file papers in advance of the June 9, 2017 status conference if any discovery issues arose, indicating that the Court and the parties believed that motion to be little more than a placeholder motion. "[O]ngoing discovery alone, in the absence of a pending dispute on which the court needs to rule, does not toll the Speedy Trial Act clock." *Sutter*, 340 F.3d at 1028. Thus, "a pro forma discovery motion 'continued' merely 'in case' future discovery disputes arise is under advisement, because the motion is not set for a hearing nor is the court awaiting any ascertainable materials. Put another way, unless consideration of the motion is continued until a date certain or the happening of an event certain, the motion is deemed under advisement." *Id.* at 1032. The record here does not support a finding that the motion for discovery was continued to June 9, 2017. As of the April 20, 2017 hearing when the June 9, 2017 status conference was set, there was no discovery dispute for the Court to consider, so the Court could not have continued resolution of that dispute to June 9, 2017. Accordingly, at most, as of the April 20, 2017, any pending motions were "under advisement" meaning that the speedy trial clock was tolled only until May 20, 2017. Therefore, because more than 70 days of non-excludable time have passed on Count 1 in the SSI between the original indictment and the filing of motions in limine, Count 1 is dismissed. 18 U.S.C. § 3162(b)(2).

"In determining whether to dismiss a case with or without prejudice, 'the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the STA] and on the administration of justice.'" *United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008) (quoting § 3162(a)(2)). All of these factors support dismissal of Count 1 without prejudice. First, there is no question that the importation of over twenty pounds of methamphetamine is a serious offense. *See*

*generally United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994) (noting that conspiracy to distribute and aiding and abetting the manufacture of methamphetamine are "undoubtedly serious"). Second, as discussed above, the STA clock had expired by only seven days as of the filing of the instant motion and any delay was merely technical because the delay likely would have met the criteria of section 3161(h)(8)(B) had the Court and parties documented it as such. *See Medina*, 524 F.3d at 987 (upholding district court's dismissal without prejudice where district court held that violation of STA was technical, not substantive, because the continuances that caused the violation would have been excludable under 3161(h)(8)(B) if the reasons for the continuances had been documented properly). Third, the impact of reprosecution of Count 1 on the administration of the STA and the administration of justice would be minimal because Count 2 has not been dismissed and remains pending. Accordingly, the dismissal of Count 1 is without prejudice.

### B. Sixth Amendment Right to Speedy Trial

Defendant also moves for dismissal of Count 2 of the SSI for violation of her Sixth Amendment right to a speedy trial. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. A defendant's Sixth Amendment right to a speedy trial attaches when she is indicted or arrested. *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987). Four factors govern whether post-indictment delay violates a defendants speedy trial rights under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her rights; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Doggett v. United States*, 505 U.S. 647, 651 (1992) (listing the factors as: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."). However, "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain

that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett*, 505 U.S. at 651-52 (internal citation omitted).

Here, Defendant does not even argue that the delay between her arrest and the SSI was presumptively prejudicial. Even giving Defendant the benefit of the doubt that, unlike the STA, the Sixth Amendment speedy trial clock runs from the date of arrest and not from the date when Count 2 was first charged, the delay here makes this, at best, a "borderline case." *United States v. Lam*, 251 F.3d 852, 856 (9th Cir. 2001) (observing that the general consensus among circuit courts that eight months constitutes the threshold minimum); *see also Arnold v. McCarthy*, 566 F.2d 1377, 1382-83 (9th Cir. 1978) (holding that nine months between arrest and trial was not presumptively prejudicial, noting that "[p]eriods much longer than this have been held permissible.").[2] Yet, considering that Defendant had already been arrested and indicted for a separate charge arising out of the same incident, the delay here was not presumptively prejudicial.

Even if Defendant satisfies this initial hurdle to trigger a Sixth Amendment speedy trial analysis, the other factors do not support her motion. Defendant concedes that at most, all but 118 days of the delay since her arrest are attributable to requests from her counsel. More importantly, while Defendant has asserted her rights, she has not demonstrated any prejudice as a result of the delay. There are three interests that the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant

---

[2] More likely, however, the Sixth Amendment speedy trial right was not triggered with respect to Count 2 until the SSI because that was when Defendant was first "accused" of that crime. *See Arnold*, 566 F.2d at 1382 ("[O]nce a person becomes 'accused' the more stringent requirements of the Sixth Amendment speedy trial right apply. One becomes 'accused' when there is 'either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . .'") (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)); *but see United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003) (assuming without deciding that delay related to charges first made against the defendant in a third superseding indictment should be measured from the date of the first superseding indictment, which was the first indictment in which the defendant in question was named).

adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious." *Barker*, 407 U.S. at 532. Defendant is out on bond, so she has not spent any additional time incarcerated as a result of any delay. Further, because the delay related to Count 2 is at best borderline, Defendant has not suffered excessive anxiety or concern over that count. *Cf. Barker*, 407 U.S. at 534 (noting that prejudice was minimal when over four years passed between arrest and trial). Finally, Defendant does not identify any impairment of her defense. The only prejudice Defendant argues is that Count 2 carries a heightened penalty as compared with Count 1. The possible penalty for the crime, however, is not a prejudice that results from any delay between arrest and trial. *See Gregory*, 322 F.3d at 1163-64 (holding that the relevant prejudice "is prejudice caused by the delay that triggered the *Barker* inquiry, not simply any prejudice that may have occurred before the trial date but unrelated to the fact of the delay itself.").

In light of the foregoing, Defendant's Sixth Amendment speedy trial rights have not been violated. Accordingly, Defendant's motion is denied insofar as it seeks dismissal of the SSI on this ground.

### C.  Fifth Amendment Due Process

"To establish a Fifth Amendment violation, [Defendant] must show that [s]he suffered actual, non-speculative prejudice from the delay and that the delay, when weighed against the government's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* at 1165. The "burden of proving that a preindictment delay caused actual prejudice is a heavy one." *Id.*; *see also United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) (noting that "[t]he task of establishing the requisite prejudice for a possible due process violation is 'so heavy' that we have found only two cases since 1975 in which any circuit has upheld a due process claim.").

Here, the only prejudice identified by Defendant is that Count 2 carries with it a longer sentence than Count 1. As discussed above, this prejudice is unrelated to the delay.

Moreover, the Ninth Circuit has commented that the proposition that any delay as short as seven and a half months (the delay here is at most eight and a half months) would "violate the fundamental conceptions of justice which lie at the base of our civil and political institutions . . . seems far fetched." *Huntley*, 976 F.2d at 1291. Accordingly, Defendant has not satisfied her burden to establish a violation of her Fifth Amendment rights as a result of any delay with respect to Count 2.

### D. Rule 48(b)

"A district court may dismiss an indictment under Federal Rule of Criminal Procedure 48(b) '[i]f there is unnecessary delay in presenting the charge to a grand jury.'" *Id.* "[C]aution must be exercised before imposing the 'harsh remedy' of a Rule 48(b) dismissal. . . . Caution requires findings of prosecutorial misconduct and actual prejudice to the accused. Generally, dismissal is proper under Rule 48(b) only for delay that is purposeful or oppressive." *Id.* at 1292. Here, Defendant does not identify any prosecutorial misconduct, and the Court finds none. Nor, as discussed above, has Defendant suffered any prejudice resulting from any preindictment delay with respect to Count 2. Accordingly, her motion to dismiss the Count 2 based on Rule 48(b) is denied as well.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to Count 1 of the SSI on the grounds that the STA 70 day speedy trial clock has expired. Count 1 is therefore **DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** in all other respects.

It is **SO ORDERED**.

Dated: September 21, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge